UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. GLOSSON,<br><br>                      Plaintiff,<br>    v.<br>M. MORALES, et al.,<br>                      Defendants. | Civil No. 05-CV-707-BEN (CAB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [Doc. # 20]** |

Plaintiff Michael D. Glosson ("Plaintiff" or "Glosson"), proceeding *pro se*, has filed an action under 42 U.S.C. § 1983. He alleges, while incarcerated at Calipatria State Prison, Defendants[1] used excessive force against him in violation of the Eighth Amendment. Specifically, in January 2004, after assaulting staff and refusing to comply with an order from a correctional officer, Glosson was pepper sprayed by Defendant Morales, another correctional officer. Plaintiff was restrained with his hands cuffed behind his back. Glosson was then escorted by Morales and Bellah, another correctional officer, to Facility A's program office. While Plaintiff was still handcuffed and "burning from pepper spray," Morales "kneed, punch[e]d, kicked, spit on, choked, and ram[me]d the plaintiff's head into a wall a number of times." Officer Bellah punched and kicked Glosson while Glosson was on the ground and handcuffed.

---

[1] The named Defendants M. Morales, S.J. Ryan, J. Bellah, and K.B. Wood will be referred to as "Morales," "Ryan," "Bellah," and "Wood" respectively, and collectively as "Defendants")

1

Defendants have moved for summary judgment.[2] The Honorable United States Magistrate Judge Cathy Ann Bencivengo issued a Report and Recommendation ("Report"), recommending Defendants be entitled to summary judgment. Specifically, Judge Bencivengo found that there was no evidence that Defendants Ryan and Wood participated in the alleged violation, and that Plaintiff's injuries were insufficient to support an excessive force claim under 42 U.S.C. § 1997e(e).

Title 28 U.S.C. § 636 (b)(1)(C) provides: "A judge of the [district] court shall make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Thus, the governing "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo **if objection is made**, but not otherwise." United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); see also id. ("Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.") (citation omitted)); Wang v. Masaitis, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ( "Of course, *de novo* review of a [Report] is only required when an objection is made to the [Report]." ) (citation omitted)).

Plaintiff only objects in part to the Report's findings. Plaintiff concedes summary judgment in favor of Defendants Ryan and Wood. (See Objections at 2:11-13: "As for . . . Ryan and . . . Wood the Court[] could grant summary judgment on their behalfs [sic]"; 3:26-27: "I agree grant summary judgment for . . . Ryan and . . . Wood" they "are innocent"). But he argues Defendants Morales and Bellah are not entitled to summary judgment because they "used unnecessary and excessive use of force" and that the injuries Plaintiff received were "observable . . . noted and examined." Plaintiff's objections do not warrant a different result.

As Judge Bencivengo found under the Prison Litigation Reform Act ("PLRA"), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "[T]he requisite physical injury must be more than *de minimis* for purposes of § 1997e(e)." Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002). A "painful canker sore" developed

---

[2] The Court gave Plaintiff the fair notice required under Klingele v. Eikenberry/Rand v. Rowland, 849 F.2d 409 (9th Cir. 1998) for opposing the summary judgment motions.

during detention has been found insufficient to meet the physical injury standard. Id. at 629. An inmate's ear remaining sore and bruised for three days has also been held to be a *de minimis* injury. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (cited with approval in Oliver, 289 F.3d at 628). Another court stated:

> A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, *etc*., which lasts even up to two or three weeks.

Luong v. Hatt, 979 F.Supp. 481, 486 (N.D. Tex. 1997).

The PLRA does not, however, bar claims for compensatory, nominal or punitive damages. Oliver, 289 F.3d at 630.

Here, Plaintiff seeks compensation for "physical and mental anguish" and punitive damages. (Complaint at 7). The extent of Plaintiff's injuries is not in dispute. He suffered minor abrasions to his left knee, a small scratch on his chin, and two minor bumps, one on the right side of his head and one above his right eyebrow. Injuries of this nature are insufficient to overcome PLRA's physical injury requirement. See Oliver, 289 F.3d at 629; Cf. Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) (holding that the Eighth Amendment "necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind").

Plaintiff is also not entitled to punitive damages. Punitive damages under § 1983 are recoverable against officials sued in their individual capacities. Punitive damages may be awarded "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). Plaintiff points to no evidence in the record which establishes the Defendants possessed the requisite mental state to support the award of punitive damages See Ward v. City of San Jose, 967 F.2d 280, 286 (9th Cir.1992) (affirming summary judgment where plaintiff provided no evidence that officers acted with evil intent); Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988) (stating that "[s]weeping conclusory allegations will not suffice to prevent summary judgment" ). See also California Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987) ("[T]o withstand a motion for summary judgment, the non-moving party must show that there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor

of either party."); <u>United Steelworkers of Am. v. Phelps Dodge Corp.</u>, 865 F.2d 1539, 1542 (9th Cir. 1989) ("A 'scintilla of evidence,' or evidence that is 'merely colorable' or 'not significantly probative,' is not sufficient to present a genuine issue as to a material fact.") (citation omitted)).

Lastly, Plaintiff provides no evidence of harm that warrants compensatory damages, and nominal damages were not requested.

Accordingly, the Court **ADOPTS** Judge Bencivengo's Report in full. Accordingly, Defendants are entitled to summary judgment.

**SO ORDERED.**

DATED: January 8, 2007

_____
Hon. Roger T. Benitez
United States District Judge